## Davis *v.* Pennsylvania Railroad Company, Appellant.

215 581
d 35 SC 171
215 581
222 ²537

*Railroads—Condemnation proceedings—Witness—Expert—Cross-examination—Evidence.*

On the trial of a proceeding to assess damages for land condemned by a railroad company, it is error to refuse to permit the counsel for the railroad to cross-examine the landowner's witnesses as to their competency before they testify in chief as to the value of the land and the damages sustained.

In such a case, as the competency of the witnesses is a primary question for the court, it should be made to appear and be passed upon by the court before the witnesses are permitted to express any opinion. It is not sufficient that if, after the witnesses have testified in chief as to the damages in the case, it should appear on cross-examination that they did not have the requisite knowledge to make them competent, their testimony could then be struck out. The harm done by the submission of their opinions to the jury cannot be cured.

In a railroad condemnation case it is error to deny to the counsel of the railroad the right to interrogate the landowner's witnesses on cross-examination as to the value of a part of the plaintiff's land after it had been cut by the railroad. Although such questions cannot be asked the witnesses in their examination-in-chief, they are entirely proper on cross-examination.

In a railroad condemnation case counsel for the railroad company cannot be permitted to show the price at which the plaintiff purchased the land seventeen years prior to the time when the railroad company entered upon it.

Argued May 15, 1906. Appeal, No. 355, Jan. T., 1905, by defendant, from judgment of C. P. Lancaster Co., Sept. T., 1903, No. 8, on verdict for plaintiff in case of Joseph W. Davis v. Pennsylvania Railroad Company. Before Fell, Brown, Mestrezat, Porter and Elkin, JJ. Reversed.

Appeal from award of jury of view. Before Landis, P. J.

The opinion of the Supreme Court states the case.

When J. Martin Good was on the stand he was asked the following question:

Question by plaintiff: "What, in your judgment, was a fair market value of this farm as a whole, before the railroad was built?"

Objected to by the defendant.

Mr. North: I want an opportunity to cross-examine him as to his qualifications.

The Court: We will let him answer now, and if he does not come up to the standard, we will strike out his testimony. He sufficiently qualified in the first place.

Defendant excepts. Bill of exceptions signed, sealed and filed for the defendant. [3]

" Q. What, in your judgment, was a fair market value, selling price, of this farm, before the railroad entered upon it? A. $100 per acre. Q. What, in your opinion, was the value after the railroad had taken it and left it in the condition in which it now is? A. I think $35.00 would be very extremely high."

Alfred Brinton, a witness for the plaintiff, being upon the stand:

Mr. North: I offer to ask the witness what the fifty acres south of the Lower Valley road, according to the best of his judgment, would sell for.

Objected to by the plaintiff.

The Court: Disallowed, because that is not the whole farm; it is only part of it.

Defendant excepts. Bill of exceptions signed, sealed and filed for the defendant. [5]

Mr. North: I now offer to ask him what that part of the farm lying between the railroad cut and the Lower Road, with the buildings, and said to contain somewhere from twenty to twenty-five acres, would sell for.

Objected to by the plaintiff.

Offer disallowed.

Defendant excepts. Bill of exceptions signed, sealed and filed for the defendant. [6]

Mr. North: I offer to ask the witness what the twenty-five or thirty acres, the part lying between the railroad cut and the Upper Valley Road, would sell for.

Objected to by the plaintiff.

Offer disallowed.

Defendant excepts. Bill of exceptions signed, sealed and filed for the defendant. [7]

On the cross-examination of Benjamin H. Pownall, witness for the plaintiff, the following question was asked:

Mr. North: I ask him now, your Honor, if the fifty acres are not worth now $50.00 an acre.

Objected to by the plaintiff.

Question disallowed.

Defendant excepts.   Bill of exceptions signed, sealed and filed for the defendant.  [9]

Verdict and judgment for plaintiff for $6,500.   Defendant appealed.

Errors assigned were (3, 5, 6, 7, 9) rulings on evidence, quoting the bill of exceptions.

*H. M. North,* with him *H. M. North, Jr.,* for appellant.

*B. F. Davis,* with him *W. U. Hensel,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, May 24, 1906:

It was error for the learned judge to refuse to permit the defendant's counsel to cross-examine the plaintiff's witnesses as to their competency before they testified in chief to the value of his land and the damages he had sustained.   The competency of the witnesses was a question for the court, and if, after an examination by plaintiff's counsel, their testimony did not disclose their competency in the opinion of defendant's counsel, the latter should have been afforded an opportunity to cross-examine them.   This would have disclosed more fully the knowledge of the witnesses of the matters about which they were called to testify, and would have better enabled the court to have determined the sufficiency of that knowledge as a preliminary question.   The learned judge of the court below, from his opinion filed in the case, seems to think that it was in the discretion of the court whether the defendant's counsel should have been permitted to examine the plaintiff's witnesses as to their competency before or after they had given their testimony in chief on the matters about which they were called to testify. This led the court into an error.   As the competency of the witnesses was a primary question for the court, it should have been made to appear and been passed upon by the court before the witnesses were permitted to express any opinion: Michael v. Crescent Pipe Line Company, 159 Pa. 99.   It is not sufficient that if, after the witnesses have testified in chief as to the damages in the case, it should appear on cross-examina-

tion that they did not have the requisite knowledge to make them competent, their testimony could then be struck out. After such testimony has gone to the jury it is next to impossible to eradicate it entirely from their minds by any instructions or directions by the court. The harm done the opposite party by the admission of such testimony is beyond recall with the jury then trying the cause. It is, therefore, important to determine in the first instance the competency of the witnesses, and to enable the court to do so it ought in all cases, on request, to allow the witnesses to be cross-examined for that purpose. Any other rule is unfair to the opposite party, as it permits incompetent testimony to go to, and influence, the jury against him. In all cases where a witness is called to give an opinion as evidence for the consideration of a jury, a prior cross-examination should be permitted on matters affecting his competency.

The learned judge's ruling on this question was in direct opposition to what this court has decided, and although it was brought to his attention before the final disposition of the case, it is probable that it was overlooked at the time of the trial when he made his ruling. In the recent case of Friday v. Pennsylvania Railroad Co., 204 Pa. 405, the right of counsel to cross-examine a witness as to his qualifications to testify was directly involved and was distinctly ruled by this court. In that case, our Brother POTTER, speaking for the court, said (p. 411): "There is also involved in this appeal, the question of the right of defendant's counsel to cross-examine as to the qualifications of a witness before giving expression to an opinion as to land values. . . . The question of the competency of the witness is always for the court. But in deciding, it should have the benefit of every reasonable aid, and nothing could be more effective than a cross-examination, within proper limits. Aside from this, if the opposing counsel are not satisfied with the correctness of the statements of the witness as to his ability to give an opinion, they are justified in asking for an immediate opportunity to apply the test of cross-examination, and it should be allowed."

It was also error to deny the defendant's counsel the right to interrogate the plaintiff's witnesses on cross-examination as to the value of a part of the plaintiff's land after it had been

cut by the railroad.    It is true that the measure of damages in cases of this character is the difference in the market value before and after the construction of the road as affected by its construction.    The plaintiff cannot in the first instance, in order to show the damages he has sustained, inquire as to the value of each of the parts into which the whole tract is divided by the construction of the railroad.    He may show how the land is cut and how it is affected, and such other matters as will enlighten the jury as to the value of the property and the injuries sustained, but he is restricted to showing the value of the whole farm before and after the construction of the road, and the difference is the amount of his damages.    But after a witness has testified in chief to such matters, the largest latitude should be allowed on cross-examination.    The witness may then be interrogated as to any or all parts of the land and how it is affected.    He may be asked as to the value or depreciation of a part or of the whole of it as affected by the construction of the road.    In fact, any and every pertinent question may be put to him on cross-examination which will enable the jury to place a fair estimate upon his testimony as to the damages sustained by the plaintiff by the construction of the road through the latter's premises.    The learned judge in his rulings failed to observe the difference between the well-recognized measure of damages in such cases and the right of the defendant's counsel to cross-examine the plaintiff's witnesses so as to enable the jury to give due weight to their testimony.

The court was right in excluding the offer to show by the witness Glendennin the price at which Davis purchased his farm seventeen years prior to the time when the defendant company entered upon it.    Such evidence would have given the jury no proper estimate of its value "immediately before the taking" by the railroad company.    We have some doubt as to the competency of the witnesses Pownall and Stewart, but on a retrial of the cause their knowledge and their competency can be fully determined by a more thorough preliminary examination before they are permitted to testify in chief as to the damages.

The matters complained of in the fourteenth, fifteenth, sixteenth and seventeenth assignments were not excepted to

in the court below and hence cannot be assigned for error here.

The third, fifth, sixth, seventh and ninth assignments of error are sustained, and the judgment is reversed with a venire facias de novo.