# Schonhardt v. Pennsylvania Railroad Company, Appellant.

*Railroads—Eminent domain—Widening road—Evidence—Licensed saloon property—Harmless error.*

In an action against a railroad company to recover the value of a hotel property appropriated in the widening of a railroad, it is improper to admit in evidence a record of the quarter sessions showing that an application for a license had been filed after the bond to secure the owners had been approved, and that a remonstrance had been filed by the defendant.   Damages in such a case are to be ascertained as of the date of the filing and approval of the bond.   The admission of such evidence, however, will not be cause for reversal, if it appears that the defendant was not injured by it.

On the trial of a railroad condemnation case, where the plaintiff in his examination in chief has placed the market value of his property at a sum named, he cannot on cross-examination be asked what other properties on the same street had been sold for within two years for the purpose of having his answer go to the jury as affirmative evidence of value.

Argued Oct. 9, 1906.   Appeal, No. 69, Oct. T., 1906, by defendant, from judgment of C. P. Cambria Co., March T., 1905,

No. 66, on verdict for plaintiff in case of John Schonhardt et al. v. Pennsylvania Railroad Company.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEW-ART, JJ.   Affirmed.

Appeal from award of jury of view.   Before O'CONNOR, P. J.

At the trial counsel for plaintiff offered in evidence petition and bond of John Schonhardt for a license to sell liquor at retail in the premises in question, situate in the tenth ward, city of Johnstown, filed January 16, 1905.

Also offers a demurrer objecting to the granting of the license to John Schonhardt at this place, said demurrer having been filed by the Pennsylvania Railroad Company.

Mr. Storey, for the defendant: The offers are objected to for the reason that they are irrelevant and immaterial to the issues in this case; in fact, anything after December 28, would be irrelevant as to the question of damages for the reason that after the bond was approved the railroad company became entitled to the possession of the property.

The Court: So far as the speculative features of the offer are concerned it is immaterial, but it shows the conduct of Mr. Schonhardt in continuing his license and in obtaining it at the end of the year.   We overrule the objection, note an exception, and seal a bill for the defendant company. [1]

Counsel for defendant company proposed to ask plaintiff, on cross-examination, for the purpose of testing his knowledge as to values and as to the value of his property, what the two adjoining properties on the westerly side of his property and the two on the easterly side were sold for within the past two years, the frontage of those properties and the buildings thereon and the amount of money that each of the owners received for the same for the purpose of having the testimony go to the jury on the question of the value, which the witness has fixed at $18,000.

Mr. Stephens: Objected to for the reason that the same would be incompetent and irrelevant as tending to test the competency of the witness to testify to the value of real estate in question; further, for the reason that the properties the price of which has been called to the attention of the witness were dissimilar in character, adapted to entirely different uses

than the property taken by the Pennsylvania Railroad Company and for which damages are sought to be recovered.

The Court : Plaintiffs cannot prove the value of property taken by the defendant company by offering evidence of prices received for properties in the immediate vicinity or adjoining; therefore, it is incompetent for the defendant, upon cross-examination of plaintiffs' witnesses, to develop that which would not be received as evidence in the case. It is not the way of arriving at the value of property taken under condemnation proceedings, and for that reason we reject the offer, sustain the objection, note an exception and seal a bill for defendant company. [2]

Verdict and judgment for plaintiff for $15,583. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions.

*H. W. Storey*, for appellant.—We contend the court erred in admitting the application of Mr. Schonhardt for a renewal of his license for the year 1905 and also the introduction of the demurrer thereto filed by the defendant company.

Values of particular sales cannot be ascertained, but "such evidence may, however, be brought out by the cross-examination of witnesses : " Becker v. P. & R. Terminal R. R. Co., 177 Pa. 252.

*M. B. Stephens*, with him *John H. Stephens*, for appellee.— Whatever facts tend to enlighten the jury on the subject and thus enable them to reach a correct conclusion as to the value of the property taken are admissible in evidence : Penna. S. V. Railroad Co. v. Keller, 20 W. N. C. 125; Kemmerer v. Edelman, 23 Pa. 143 ; Messner v. Lancaster County, 23 Pa. 291.

What particular owners were willing to accept or had accepted from the company by way of settlement or compromise could not affect the plaintiff. Aside from this, to render such testimony of any value the conditions must have been shown to have been similar : Penna. Schuylkill Valley Railroad Co. v. Ziemer, 124 Pa. 560 ; Pennsylvania Schuylkill Valley R. R. Co. v. Cleary, 125 Pa. 442; Pittsburg & Western R. R. Co. v. Patterson, 107 Pa. 461.

OPINION BY MR. JUSTICE FELL, January 7, 1907:

This action was to recover the value of a hotel property appropriated by the railroad company, defendant, in widening its roadbed. The assignments of error that need be considered relate to the admission and rejection of testimony. The plaintiffs offered in evidence a record of the quarter sessions which showed that an application for a license had been filed after the bond to secure the owners had been approved, and that a remonstrance had been filed by the defendant. This record was admitted; it should have been excluded. The damages were to be determined as of the date of the appropriation. This was completed by the filing and approval of the bond, and the railroad company had then the right of possession. The application for a new license had no bearing on the issue. The admission of this record would be cause for reversal if there were reason to believe that the defendant was injured by it. There does not appear to be any. The property had been used as a licensed hotel for fourteen years, and its adaptability to this use was considered as one of the elements of value upon which the jury passed. No new or prospective use was shown by the record. The instruction in the charge was clear and distinct that there could be no recovery for the loss of the business and that the measure of damages was the market value of the real estate at the date of the approval of the bond.

One of the plaintiffs in his examination in chief had placed the market value of the property at $18,000, and on cross-examination it was proposed to ask him what other properties on the same street had sold for within two years. The purpose of the offer, as stated by defendant's counsel, was to test the knowledge of the witness and to have his testimony go to the jury on the question of value. The offer was properly rejected. Where a witness has testified to value, his good faith and the accuracy and extent of his knowledge may be tested on cross-examination by questioning him as to particular sales of properties similarly situated to ascertain whether he knew of them and considered them in forming an opinion; such questions go directly to the value as evidence of the opinion he has expressed: East Pennsylvania Railroad Co. v. Hiester, 40 Pa. 53; Pittsburg, Virginia & Charleston Ry. Co. v. Vance, 115 Pa. 325; Becker v. Philadelphia & Reading Terminal Railroad

Co., 177 Pa. 252; Henkel v. Wabash Pittsburg Terminal Railroad Co., 213 Pa. 485. It is within the limits of a proper cross-examination to show that the witness is unfair or that his opinion is founded on a misapprehension of facts, but it is not proper under the guise of cross-examination to develop as affirmative evidence of value facts that neither party could have shown in chief. The proper test of value when the whole property is taken is the market price, and this is to be shown not by proof of particular sales but by the general selling price.

The judgment is affirmed.