222  631
d225  1266

# Hamory v. Pennsylvania, Monongahela & Southern Railroad Company, Appellant.

*Railroads—Eminent domain—Evidence as to value of land—Division of land into lots.*

While it is proper in railroad condemnation proceedings, to take into consideration the use to which the land is best adapted, it is improper to determine the value of the whole tract by computing the number of lots it can be divided into, what each lot is worth, and the value of the whole tract estimated on this basis.

*Practice, C. P.—Trial—Improper admission of evidence—Charge.*

Where evidence has been improperly admitted which tends to prejudice the mind of the jurors, the error is not cured by an instruction in the charge to disregard it or to withdraw it from their consideration.

Argued Oct. 15, 1908. Appeal, No. 41, Oct. T., 1908, by defendant, from judgment of C. P. Washington Co., Nov. T., 1905, No. 112, on verdict for plaintiff in case of G. V. Hamory v. Pennsylvania, Monongahela & Southern Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Appeal from award of jury of view. Before TAYLOR, J.

At the trial when Osman McCarty, a witness for the plaintiff, was on the stand, he was asked this question:

"Q. Mr. McCarty, where do you live? A. I live in Millsboro. Q. And do you know the Hamory property? A. Yes, sir.

Q. Are you in business in Millsboro, Mr. McCarty? A. Yes, sir. Q. How long have you known the Hamory property? A. I have known it ever since I have been in Millsboro, about twenty years. Q. Mr. McCarty, have you such a knowledge of the value of real estate in that neighborhood that would enable you to express an opinion as to the fair market value of the Hamory property in the fall of 1905, before the railroad went through there? A. I think so. Q. What was its value?"

Mr. Irwin: I want here to ask the witness a few questions.

Preliminary cross-examination.

Mr. Irwin: "Q. Mr. McCarty, have you made up your estimate of what that property was worth just before the railroad was located by estimating what it would bring if it had been laid out in building lots and all the lots had been sold at what you think lots were worth there? A. Yes, sir."

The defendant objects to the witness expressing his opinion as to the market value of the property immediately before the location of the railroad, for the reason that he has stated that that opinion was formed by estimating the number of lots in the Hamory land and what it would bring if all the lots were sold at what the witness regards as a fair value of the lots, which is not the proper way to estimate the market value of the Hamory property as a whole.

The Court: Well, we had better have this question settled now.

Mr. Birch: I will ask the witness one question.

"Q. What is the most available purpose that that lot is fit for? A. For building purposes."

The Court: Where they ask a witness if he is able to express an opinion as to the fair market value of the property as a whole, where he says he knows it, it is no matter by what method he makes up that estimate, if it is based on the market value in his judgment; the weight of his opinion will be for the jury. The objection is overruled and the offer admitted and a bill sealed for the defendant. [1]

Direct examination resumed.

Mr. Birch: "Q. What in your opinion, Mr. McCarty, was the fair market value of that property immediately before the

railroad took it?  A. About $25,000.  Q. Have you seen the railroad, how it affects it through there?  A. Yes, sir; I see what—Q. What effect does it have on the property?  A. Well, I would think it would depreciate the value of the property nearly the one-half."

Verdict and judgment for plaintiff for $8,400.  Defendant appealed.

*Error assigned* was ruling on evidence, quoting the bill of exceptions.

*R. W. Irwin*, with him *Jas. A. Wiley* and *A. T. Morgan*, for appellant.—The testimony in question was not admissible: Penna. Schuylkill Valley R. R. Co. v. Cleary, 125 Pa. 442; Gorgas v. Phila., etc., R. R. Co., 215 Pa. 501.

That the charge of the court did not remove the injury which the defendant had sustained by the improper admission of that testimony is settled by the case of Erie and Wyoming Valley Railroad Company v. Smith, 125 Pa. 259.

*James I. Brownson*, with him *T. F. Birch*, for appellee, cited: .O'Brien v. Ry. Co., 194 Pa. 336; Cox v. R. R. Co., 215 Pa. 506; Wilson v. Equitable Gas Co., 152 Pa. 566.

OPINION BY MR. JUSTICE ELKIN, January 4, 1909:

In a proceeding to assess damages for lands appropriated for railroad purposes under the right of eminent domain, a witness produced by the landowner, was asked on preliminary cross-examination if his estimate of what the property was worth at the time of the entry, was based upon what it would bring if it had been laid out in building lots and all the lots had been sold at what the witness thought they were worth. The witness having answered in the affirmative, objection was made that he was not qualified to express an opinion, because his method of estimating the market value of the whole tract was improper and not in accordance with the rule of law governing such cases.  The court admitted the testimony and this ruling is the basis of the only assignment of error.  While it is

proper to take into consideration the use to which the land is best adapted, it is improper to determine the value of the whole tract by computing the number of lots it could be divided into, what each lot was worth, and the value of the whole tract estimated on this basis. This is not a proper method of arriving at the value of the whole tract as has been repeatedly ruled by this court: Penna. Schuylkill Valley Railroad Company v. Cleary, 125 Pa. 442; Gorgas v. Railroad Company, 215 Pa. 501. Nor was this error corrected by the learned trial judge in his charge to the jury. Where evidence has been improperly admitted which tends to prejudice the minds of the jurors, the error is not cured by an instruction in the charge to disregard it or to withdraw it from their consideration: Delaware & Hudson Canal Co. v. Barnes, 31 Pa. 193; Penna. Railroad Co. v. Butler, 57 Pa. 335; Huntingdon, etc., Railroad & Coal Co. v. Decker, 82 Pa. 119; Erie, etc., Railroad Co. v. Smith, 125 Pa. 259.

Assignment of error sustained and a venire facias de novo awarded.