# Greider, Appellant, *v.* Elizabethtown & Florin Street Railway Company.

*Railroads—Condemnation—Pleadings—Damages—Expert witnesses—Cross-examination.*

1. Where in condemnation proceedings by a railroad, the owner of the land condemned testifies that one part of the land was especially valuable because of its peculiar adaptability for poultry raising, and that the remainder of his land was merely "farm land under cultivation," and has introduced testimony tending to inflate the value of the whole farm because of the uses to which a limited part of it is capable of being devoted, it is not error for the trial court to permit counsel for the railroad company to cross-examine expert witnesses offered by the owner, as to the value of different parts of the land, as distinguished from each other by the uses to which they were devoted.

2. The purpose of such cross-examination is not to vary the general rule for ascertaining the damages to the property, it is rather to enable the jury to properly estimate the weight to which the testimony of the witness is entitled.

Argued Nov. 14, 1912. Appeal, No. 16, Oct. T., 1912, by plaintiff, from judgment of C. P. Lancaster Co., April Term, 1910, No. 15, on verdict for plaintiff in case of B. H. Greider v. The Elizabethtown & Florin Street Railway Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Issue to determine amount of damages due to the owner of land condemned for street railway purposes. Before LANDIS, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $1,000. Plaintiff appealed.

*Errors assigned* were in permitting the cross-examination of plaintiff's experts as stated in the opinion of the Superior Court.

*C. E. Montgomery*, for appellant.—Appellant rests his case upon and will cite but one authority, that of Davis v. Penna. R. R. Co., 215 Pa. 581.

*W. U. Hensel*, for appellee.—It is respectfully submitted that the questions asked the plaintiff's witnesses on cross-examination, under the circumstances established by the plaintiff's own testimony, are wholly within both the letter and the spirit of the rule laid down in the case of Davis v. Penna. R. R. Co., and that the matter in controversy is conclusively settled by that case.

OPINION BY PORTER, J., February 27, 1913:

This is a proceeding to assess damages for the location of the line of defendant company over a tract of land owned by the plaintiff and the appropriation of about

one acre of said land for the right of way. The plaintiff recovered a verdict and judgment for $1,000, but being dissatisfied with that result, appeals.

The tract of land contained about fifty-five acres, three acres of which the plaintiff had owned prior to 1905 and, in April of that year, had purchased the fifty-two acres adjoining. With regard to the uses to which the property was devoted, at the time of the taking, the plaintiff testified: "I am engaged in the farming and poultry business, fancy poultry business." In his examination in chief he was interrogated at length by his own counsel as to the uses to which he had devoted the several parts of the land. He testified that the poultry business was all conducted on that part of the land south of the turnpike, through which the right of way of the defendant company was located; that part of the land so devoted to the poultry business comprised about six acres, upon which there were located two large poultry houses and about a half dozen small ones, "in addition to that, that is, the poultry yards in addition to the houses, of course, fences, and all." He described the location of these poultry houses and the runs or yards thereto attached with relation to the right of way, and explained that it had been necessary to remove one of the poultry houses and change the "chicken runs" connected with the others. He distinctly testified that "Because of the drainage and the southern exposure," this part of the land was better adapted for poultry purposes than any other part of the farm. He described the inconvenience to which he was put by the location of the right of way through the poultry plant, because of the necessity which it occasioned for carrying feed, fowls and eggs across the line. He testified that the rest of the farm, which would be about forty-nine acres, "was farm land under cultivation." Upon cross-examination he again repeatedly testified that the poultry plant, at the time of the location of the right of way and down to the time of the trial, occupied and was entirely included within a tract containing about six

acres, and with regard to the other part of the tract he said: "Q. And you farm these remaining forty-nine acres with a general rotation of Lancaster county crops, corn, wheat, hay, tobacco, do you? A. I did, yes, sir. Q. And you did before? A. Yes, sir." It thus appeared, upon the plaintiff's own showing, that six acres of the tract was exclusively devoted to the purposes of a poultry plant and occupied by buildings, runs and yards necessary for that business, and the other forty-nine acres of the tract were used for general farming purposes. The testimony of the plaintiff and of the witnesses which he produced all tended to impress upon the minds of the jury that the six acres were of special and exceptional value as a poultry farm.

The assignments of error all relate to the manner in which counsel for defendant was permitted to cross-examine the witnesses whom plaintiff had called, as experts, to testify to the effect upon the value of the tract resulting from the appropriation of the right of way of defendant company. These witnesses having testified as to the amount of the damages to the tract, as a whole, the appellant now complains that the court erred in permitting counsel for defendant, upon cross-examination, to interrogate them as to the value of the different parts of the land, as distinguished from each other by the uses to which they were devoted. The contention of the learned counsel for the appellant seems to be that in a proceeding of this character where a witness has testified as to the effect upon the value of the tract as a whole he can, upon cross-examination, only be asked, in the effort to obtain the basis of his judgment, as to such subdivisions of the tract as are caused by the location of the right of way and other public highways which intersect the tract.

It must be borne in mind that these witnesses were called to testify as experts. In estimating the value of the tract before and after the taking, its possible and probable uses are important elements, and may be shown

by the opinions of experts. The several parts of a tract of land may be capable of wholly distinct uses, and one part may be much more valuable than another, for the mere reason that it may be profitably devoted to a particular use. "But the details of improvements, the cost, probable rent afterwards, etc., require knowledge of the subject, to insure the proper weight to be given, and the inferences to be drawn from them. Hence they are not admissible as independent facts for the jury, and the appellant's offer in that regard, as, e. g., to prove the cost of bulkheading this lot to make a wharf of it were properly excluded. But such details ought to enter into the view of the expert in forming his judgment, and whether they have done so is a legitimate subject of cross-examination:" Harris v. Railroad Company, 141 Pa. 242. "The value of an expert's opinion may be fortified on the one hand or reduced on the other by an examination as to his general experience, his means of knowledge in the particular case, and the facts and reasons on which he bases his conclusion. It is matter of opinion at best, and the lowest grade of evidence that ever comes into a court of justice. It is admissible only because, bad as it is, there is nothing better obtainable. Opinions of this or of other kinds, are apt to differ, and their value is not always in proportion to the confidence with which they are advanced. It is proper, therefore, that the jury should have all the aids possible in enabling them to judge of the weight to which any particular opinion is entitled. To assist them to a right conclusion matters are often admissible which are not in themselves separate and independent grounds of damage:" Dawson v. City of Pittsburg, 159 Pa. 317. The witness who testifies as to the damages to a tract of land resulting from the taking of a part thereof for a public work, is merely giving his opinion, an estimate founded upon facts as they appear to him; he may be mistaken as to the facts, or his process of reasoning from those facts may be entirely erroneous. "But after a witness has testified in chief as to such matters, the

largest latitude should be allowed on cross-examination. The witness may then be interrogated as to any or all parts of the land and how it is affected.  He may be asked as to the value or depreciation of a part or of the whole of it as affected by the construction of the road.  In fact, any and every pertinent question may be put to him on cross-examination which will enable the jury to place a fair estimate upon his testimony as to the damages sustained by the plaintiff by the construction of the road through the latter's premises.  The learned judge in his ruling failed to observe the difference between the well-recognized measure of damages in such cases and the right of the defendant's counsel to cross-examine the plaintiff's witnesses so as to enable the jury to give due weight to their testimony:" Davis v. Pennsylvania Railroad Company, 215 Pa. 581.

The plaintiff having testified that one part of this land was specially valuable because of its peculiar adaptability for a particular use, that the remainder of the farm was suitable for other uses, and having introduced testimony tending to inflate the value of the whole farm because of the uses to which a limited part of the tract was capable of being devoted, it was entirely proper to permit the cross-examination of the expert witnesses of which the appellant complains.  The purpose of such cross-examination is not to vary the general rule for ascertaining the damages to the property, it is rather to enable the jury to properly estimate the weight to which the testimony of the witness is entitled.

The judgment is affirmed and the appeal dismissed at cost of the appellant.