# McSorley *v.* Avalon Borough School District, Appellant.

*Eminent domain—Condemnation of land—Evidence—Damages — Value — Expert — Opinion of witness—Cross-examination—Re-direct examination—Other sales—Value of property as whole—Replacement of buildings—Timber on land.*

1. On the trial of an appeal in a condemnation case, after a witness has been examined and cross-examined as to his competency, and has, in addition, been so interrogated as to show fully the extent of his knowledge regarding the value of the property taken, the only other question in chief should be as to its value, in its entirety, before and after the taking.

2. The cross-examination of such a witness may cover a wider field; he may be asked whether he knew of certain sales made of properties in the neighborhood, but not of the prices at which they were sold unless the examination in chief showed that, in his estimate of the value of the property taken, he was aided by or relied on the prices paid for such other properties, and that they were in the same neighborhood and similarly situated.

3. The re-direct examination of such a witness may be wider than is permissible in chief, to the extent that the cross-examination opens the door to such more extensive interrogation.

4. In determining the damages to which an owner is entitled for the taking of his property under the right of eminent domain, it is not proper to appraise separately the various things which give to the property its value, and add them together for the purpose of fixing the damages; the only permissible evidence is as to the value of the property in its entirety, but the witnesses may testify as to those things which tend to give it value, including buildings or anything else on or under it, which a proposed purchaser would probably consider in determining whether or not he would buy it at an enhanced price.

5. On the trial of an appeal in a condemnation case, it is error to admit evidence of the replacement value of buildings on the property taken; the inquiry should always be as to the value of the property in its entirety, at the time of the taking.

6. Savings & Trust Co. v. Penna. R. R. Co., 229 Pa. 484, is overruled, insofar as it is authority for the proposition that an owner of land, taken under the right of eminent domain, may corroborate his testimony as to the value of the property in its entirety, by proof of the value of the timber on it.

Argued October 5, 1927.   Before Moschzisker, C. J., Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 164, March T., 1927, by defendant, from judgment of C. P. Allegheny Co., April T., 1926, No. 1561, on verdict for plaintiff, in case of Annie McSorley v. School District of the Borough of Avalon.   Reversed.

Appeal from jury of view.   Before Reid, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $41,406.31. Defendant appealed.

*Errors assigned* were various rulings, quoting record.

*Paul A. Stuart,* with him *Wm. A. Challener,* for appellant, cited: Newton v. Phila., 276 Pa. 464; Bisbing v. Bank, 93 Pa. 79.

*William C. Jacob,* for appellee, cited: Savings & Trust Co. v. R. R., 229 Pa. 484.

Opinion by Mr. Justice Simpson, November 28, 1927:

On the trial of an appeal by the defendant school district, from an award of damages by a jury of view, plaintiff recovered a verdict, and defendant now appeals from the judgment entered on it.

At the trial, plaintiff was permitted to ask a builder, called by her as a witness, what was the replacement value of the house and garage on plaintiff's property at the time it was taken.   This evidence was admitted "for the single purpose of corroborating......the witnesses who have testified as to their estimate on the buildings on this property in order to determine the market value placed on the property by them."   Whether or not this was proper, is the only question necessary to be considered by us; the assignment which objects to the trial judge's reference to the evidence in his charge to the

jury, is of no moment, if the testimony was properly admitted.

No other evidence is as unsatisfactory as that necessarily received in this class of cases. Courts and juries are given, by the witnesses, matters of opinion only, the accuracy of which is far more difficult to test than are disputed questions of fact. An endeavor to minimize this uncertainty, may excuse the error which appears in the ruling now complained of, and in the single case supposed to sustain it, but it is error notwithstanding. Even those who are but slightly conversant with the subject, know that, where the building being valued is in a neighborhood which has run down, or where it was erected by an owner for his home, or where it is so located on a large lot as to hinder the proper development of the property after the character of the neighborhood has changed, the replacement value of such house will always be greater than the value of the building as part of the property in its entirety; indeed it may be, and sometimes is, in excess of the market value of the property, including the building. Curiously enough, we have on this record two illustrations of the truth of the above. Plaintiff's husband testified that "you couldn't replace [plaintiff's] property for $75,000......[but] the market value was between $40,000 and $45,000." It also appeared that a neighboring property, on which an expensive home had been built, could not be sold until the building was torn down. It is clear, therefore, that evidence of the replacement value of plaintiff's buildings should not have been received, unless the circumstances were so peculiar as to render it absolutely essential, in the interest of justice, to require its admission. We know of no circumstance which could justify it; certainly none appears on this record.

The case was improperly tried throughout, but in a respect for which the parties, and not the court below, were responsible. The witnesses on each side were

asked, in chief, not only the market value of the property in its entirety, at the time of the taking, but also how they made up that value; and each gave the value of the land, the house, and the garage, as separate items, the sum of the three being the amount alleged by the witness to be the market value of the property. This was improper. Witnesses may testify as to that which tends to give value to a property, including buildings or anything else on or under it, which a proposed purchaser would probably consider in determining whether or not he would buy it; but the testimony, in chief at least, must be limited to the property in its entirety, as it was at the time of the taking: Searle v. Lackawanna, etc., R. R. Co., 33 Pa. 57; Reading, etc., R. R. v. Balthaser, 119 Pa. 472; Penna., etc., R. R. Co. v. Cleary, 125 Pa. 442; Kossler v. Pittsburgh, etc., Ry. Co., 208 Pa. 50; Hamory v. Penna. etc., R. R. Co., 222 Pa. 631; Kleppner v. Pittsburg, etc., R. R. Co., 247 Pa. 605. This case well illustrates the wisdom of the rule just stated; for the average juryman would naturally reason that, if the undisputed replacement value was $75,000, the market value of $39,499.50, as fixed by the lowest of plaintiff's witnesses, must be substantially correct, and this latter sum, with six per cent damages for detention,— as the court below points out, though the force of the calculation was apparently not noticed,—is nearly the same as the verdict of $41,406.31.

After an expert witness has been examined and cross-examined as to his competency, and has, in addition, been so interrogated as to show fully the extent of his knowledge regarding the value of the property taken, in order that the jury may be able to determine what weight shall be given to his testimony, the only other questions in chief should be as to his opinion of the value of the property, in its entirety, before and after the taking. The cross-examination may, of course, cover a wider field. "In fact, any and every *pertinent* question may be put to him on cross-examination which will

enable the jury to place a fair estimate upon his testimony as to the damages sustained by the plaintiff": Davis v. Penna. R. R. Co., 215 Pa. 581, 585; Rea v. Pittsburgh, etc., R. R. Co., 229 Pa. 106, 115; Stone v. Delaware, etc., R. R. Co., 257 Pa. 456, 464. This includes the right to inquire "of a witness......whether he knew of certain sales made of properties in the neighborhood,......[but not] to introduce the prices, however, at which the properties sold,......[for this] is to suggest to the jury a comparison which they are unable to make in order to determine what credit they are to give the witness. No warrant can be found in any of our cases for such a practice": Roberts v. Phila., 239 Pa. 339, 342, citing and approving Rea v. Pittsburgh, etc., R. R. Co., supra; Girard Trust Co. v. Phila., 248 Pa. 179, 183. An exception to this rule appears, if the examination in chief shows that the "witness considered —in the sense that, in his estimate of value, he was aided by, or relied on—prices paid for properties similarly situated, [in which event] he may be cross-examined as to the prices paid for such other similar properties, as testing his good faith, credibility, accuracy and extent of knowledge," (Penna. Co. for Ins. on Lives, etc., v. Phila., 268 Pa. 559, 563); but only if it further appears that such properties "are in the same neighborhood, and similarly situated": Wissinger v. Valley Smokeless Coal Co., 271 Pa. 566, 569. So, also, the redirect examination may be wider than is permissible in chief, to the extent that the cross-examination opens the door to such more extensive interrogation.

The question objected to in the present case having been propounded in chief, and not in cross-examination or re-direct examination, our inquiry is, does the fact that defendant did not object to evidence showing the actual value of the buildings at the time of the taking, as distinguished from the value of the property in its entirety, justify further evidence in chief as to the replacement value of those buildings? If it had been

shown that there was a fixed relation between the two kinds of value, possibly evidence as to the replacement value would have been admissible by way of corroboration; but there was no such evidence, and, as we have shown, there was no such relation. It is clear, therefore, that the question should not have been allowed.

Savings & Trust Co. v. Penna. R. R. Co., 229 Pa. 484, supposed to sustain the admission, lends no support to it. In that case, the land which was taken had standing timber on it. The court below admitted, as corroborative evidence, the value of the timber, and we sustained the admission. But this was evidence of a thing whose value entered largely into the value of the property itself. Here, the replacement value of the buildings does not enter into the actual value of the property, at the time of the taking. Moreover, even this supposed exception has been qualified, if not practically overruled, in the only case in which that authority has been cited, viz.: Ribblett v. Cambria Steel Co., 251 Pa. 253, 259, where we said: "While we have held that the ordinary rule for the ascertainment of damages where land is appropriated under the right of eminent domain, did not control in cases somewhat like the one at bar, yet we have on numerous occasions decided that, when standing timber is destroyed, the damages therefor are to be measured by determining the difference in the value of the land, upon which the trees grew, before and after the injury complained of: Mahaffey v. New York Central & Hudson River R. R. Co., 229 Pa. 285, 287; Savings & Trust Co. of Indiana v. Penna. R. R. Co., 229 Pa. 484-489; Bullock v. Balto. & Ohio R. R. Co., 235 Pa. 417. There may be exceptional instances, when the evidence shows the trees in question to have had a selling value separate and apart from the land (for example, trees growing on a nursery farm), where a different rule would apply; but, under the facts at bar, there can be no doubt that the proper way to determine the pecuniary damage suffered by the destruction of the plaintiff's

trees was through the application of the ordinary rule just referred to." Certain it is, that Savings & Trust Co. v. Penna. R. R. Co., supra, insofar as it approves the admission of evidence of the value of any one of the items going to make up the value of the property as a whole, clashes with all our other cases on the subject, those decided after as well as before it, and since it is also wrong in principle, it should be, and now is, overruled as to that point.

The judgment of the court below is reversed, and a venire facias de novo is awarded.