[Criminal No. 661. Filed December 19, 1927.]

[262 Pac. 4.]

GEORGE HUGHES and HENRY WRIGHT, Appellants, v. STATE, Respondent.

.Mr. Stanley Samuelson, for Appellants.

Mr. John W. Murphy, Attorney General, and Mr. Frank J. Duffy, Assistant Attorney General, for the State.

ROSS, C. J.—The appellants were charged with the larceny of an automobile, of the property of one Vernon M. Kinney, alleged to be of the value of $200. Whether they were guilty of grand or petit larceny was made to depend upon the value of such property. If the value equaled or exceeded $50, the act was grand larceny; if less than $50, petit larceny. Pen. Code 1913, §§ 483, 484, and 485.

It is assigned that error was committed in permitting two of the state's witnesses, over the objection that they were not shown to be qualified, to testify as to the value of the stolen automobile. On his *voir dire* witness Arnold stated he was head mechanic of the county highway garage; that his experience as an automobile mechanic extended over a period of several years, and in different parts of the country; that he had ridden in the Kinney car, and was familiar with its mechanical condition. The court announced the ruling, on objection, in these words:

" . . . The jury will have to judge to what extent Mr. Arnold is an expert; they hear him qualify; there is no fixed standard by which you can determine whether a man is an expert or not. If he is more or less familiar with a certain subject, he may testify, and the jury may judge as to the extent of his knowledge."

From our examination of the authorities, we are satisfied the rule announced by the court is not entirely accurate. Preliminarily, it is the duty of the court to pass upon the competency of the witness to express an opinion as to the value of personal property, when value is an issue. 22 C. J. 580, § 682; 17 R. C. L. 65, § 71. To that end, it should be made to appear that the witness knows, either from personally selling or buying property of the kind, or from observation of those engaged in such business, the amounts realized in the open market for property of similar kind. In this case no such showing was made. However, it did appear that the witness' contact with such property was such as to afford him an opportunity to judge its intrinsic value, and probably its marketable value.

It is well known, we assume, that the sales of used automobiles almost equal the sales of new cars, and it may also be assumed, we think, that a me-

chanic, whose employment is that of repairing and caring for used automobiles, would naturally, in the course of his employment and by reason of his association and contact, know pretty well the market values of such property. If the showing of qualifications here be examined in that light, the ruling was not erroneous, especially when it is considered that appellants had the absolute right, if dissatisfied with the preliminary showing, to cross-examine the witness as to his competency. *Davis* v. *Pennsylvania R. Co.*, 215 Pa. 581, 64 Atl. 774, 7 Ann. Cas. 581, and note. It developed in this case that witness Arnold was competent, for, after he expressed his opinion of the value of the automobile, the cross and redirect examinations made it appear that he had not only bought and sold such property, but had a general knowledge of values of that kind of property.

Even if the competency of the witness did not appear at the time he testified as to values on his direct examination, if later it was shown that he was qualified, the ruling was harmless. While under the rule of evidence, competency should first be shown, the violation of such rule would not be prejudicial, if the fact of competency is later shown.

We think the preliminary showing of witness Gressinger's competency to testify as to the value of automobiles was sufficient. He stated he had nine years' experience as a mechanic, and was fairly familiar with the value of used cars. While a meager showing, if appellants were dissatisfied with it, they could have cross-examined further as to his qualifications.

Appellants assign as error the court's ruling rejecting as evidence of value the "insurable value" of the automobile in question. While such value might in some kinds of cases be relevant and competent, it seems clear it was neither in this case.

The insurable value is never, or seldom, the marketable value. The insurance broker, by whom such value was attempted to be proved, doubtless was qualified to express an opinion as to the market value of a used car of the age, kind and condition of the one in question, especially if he was accustomed to insure such property, and the frame of the question should have sought from such witness such information.

Appellants introduced a witness, who testified that the automobile was "worth only what you could sell it for for junk," which he stated would probably be $25. On the assumption that this witness' testimony was the only competent evidence of value, appellants say the verdict was contrary to the court's instructions and the evidence. This assignment ignores the testimony of the prosecuting witness, Kinney, who testified that the value of the automobile was $200, and also the testimony of Arnold and Gressinger, who placed it at $150. We think the credibility of the testimony of these witnesses, both for the state and the defense, was for the jury, and the jury evidently concluded therefrom that the property possessed a value equal to, or exceeding, $50, else under the instructions, their verdict would have been petit, instead of grand, larceny.

We have examined all of appellants' assignments, and do not find that their rights have been prejudiced by any ruling of the court.

The judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.