## Chrisman et ux. v. Dean et al.

*R. S. Hemingway* and *William Chrisman*, for petitioners.

*Hopkin T. Rowlands*, contra.

EVANS, P. J., July 29, 1935.—Plaintiffs filed this petition within six months after sheriff's sale, to fix the fair value of real estate sold and enter deficiency judgment under the Act of January 17, 1934, P. L. 243. The required 10 days' notice was given defendants of the presentation of the petition. The petition came on for hearing April 8, 1935.

It appears from the petition and testimony that on September 29, 1930, Robert R. Dean, Mary Margaret Dean, and Emma R. Dean made, executed and delivered to Charles B. Chrisman and Bessie E. Chrisman, his wife, a purchase money bond and mortgage for the sum of $8,300, payable as follows: $1,000 on each of the first days of August 1931, 1932, 1933, and 1934, and $4,300, the remainder thereof, on the first day of August 1935, together with interest on unpaid balance annually at the rate of six percent per annum. The mortgagors defaulted in making the payment due August 1, 1931, and on August 13, 1931, the mortgagees entered judgment on the mortgage bond for the sum of $8,326.94, against the mortgagors. On August 4, 1934, a suggestion of the death of Emma R. Dean, one of the mortgagors, was filed. On August 14, 1934, a sci. fa. issued to bring on the record Robert R. Dean, executor and sole devisee of Emma R. Dean, deceased. On September 6, 1934, judgment was entered on the sci. fa. against the estate of Emma R. Dean, deceased, and Robert R. Dean, executor and sole devisee of said decedent, for $8,326.94, with interest from September 6, 1934. On September 29, 1934, the sheriff sold the premises described in the mortgage accompanying the bond to Charles B. Chrisman and Bessie E. Chrisman, mortgagees, for the sum of $403.37 and applied the proceeds to the payment of the costs and taxes for the years 1933 and 1934.

It is averred in the petition that the fair value of the real estate sold by the sheriff is greater than the price for which the same was sold, but said fair value is far below the amount of the debt, interest and costs due and owing on the judgment entered on the mortgage bond.

The Deficiency Judgments Act of 1934, supra, provides that whenever any real property is sold between January 17, 1934, and July 1, 1935, on any execution on the foreclosure of any mortgage, or on a judgment entered on any obligation secured by mortgage, and the sum for which such property is sold is not sufficient to satisfy the debt,

interest and costs, either plaintiff or defendant may, within six months of the sale, by stipulated proceedings, have the fair value of the property sold determined and have the same deducted from the amount of such judgment, or have such judgment satisfied of record: Peters' Estate, 20 D. & C. 611.

The main question for determination in this proceeding is: What was the "fair value" of the respondents' property sold by the sheriff in the foreclosure proceeding September 29, 1934?

In Gordon, Secretary of Banking, v. Shilcock et al., 21 D. & C. 395, Judge Knight, at page 396, said:

"We have found no case in Pennsylvania in which the phrase 'fair value' has received judicial interpretation. It is evident that the legislature did not mean the words to be equivalent to 'market value', which has been declared to be the selling price at a bona fide sale after public notice: Lehigh Valley Coal Co. v. Luzerne County, 255 Pa. 17. The very object of the act was to establish the value of real estate at a time when there is little or no market for the same. We are of the opinion the act intends that the court shall establish the just, equitable, and reasonable worth of the real estate at the time it was sold by the sheriff.

"Under circumstances such as exist in this case, the fair value of the real estate in question must be a matter of opinion and estimate."

At the hearing on the petition April 8, 1935, the petitioners called nine witnesses who qualified and were permitted to testify with respect to the fair value of the property on the day of the sheriff's sale. Their opinions and estimates varied from $4,000 to $5,000. Four of the estimates were $5,000, three $4,000, one $4,550, and one $4,-500. On the part of the respondents three witnesses were called who qualified and were permitted to testify as to the fair value of the property sold. Their opinions and estimates were $8,750, $8,800, and $9,000. Which of these opinions and estimates of the fair value of the property

sold by the sheriff is entitled to the greater weight—the petitioners' witnesses or the respondents' witnesses?

In McSorley v. Avalon Borough School Dist., 291 Pa. 252, a proceeding to condemn land under the right of eminent domain for a school district, Mr. Justice Simpson, at page 254, said:

"No other evidence is as unsatisfactory as that necessarily received in this class of cases. Courts and juries are given, by the witnesses, matters of opinion only, the accuracy of which is far more difficult to test than are disputed questions of fact."

Judicially, this proceeding is not a condemnation proceeding under the right of eminent domain to determine the value of land taken; yet we believe the rule applicable to proving the damages in such cases is applicable in this proceeding under the Deficiency Judgments Act of 1934, to determine the fair value of the respondents' property on the day of the sheriff's sale. What was the fair value of the property in its entirety on the day of the sheriff's sale is the precise question for determination here. The witnesses on each side were well acquainted with the property continuously for more than 30 years before the sale and were permitted to testify to the fair value of the property in its entirety and to those things which in their opinions gave it value, including the land, improvements, location, and convenience to market, school, and church: McSorley v. Avalon Borough School Dist., supra.

It appears from the testimony that the property is a 49-acre farm, used for farm purposes, situate in South Center Township, this county, improved with an old two-story frame dwelling house, frame barn with sheds attached, a two-car garage, a 2½-story frame chickery, a milk house, and an old chicken house. With the exception of the chickery, the buildings are old and considerably out of repair; they have never been painted. The State highway leading from Bloomsburg to Berwick passes through the farm nearly at right angles, with a frontage of about 1,000 feet along the southerly side and 1,200 feet along

the northerly side. The land on the south side of the highway is good farm land; approximately three fourths of the acreage of that on the north side can scarcely be regarded as good farm land, some five or six acres being wet and boggy, and about half gravelly and not productive in dry seasons.

Taking into consideration all of the material and relevant testimony, we fix the fair value of the respondents' property sold by the sheriff on September 29, 1934, at $5,750. The judgment was for $8,326.94, with interest from September 6, 1934, to which should be added the costs of the sheriff's sale, including the taxes for the years 1933 and 1934, and interest from September 6, 1934, to the date of sale. The calculation:

| | |
|---|---|
| Amount of the judgment | $8,326.94 |
| Costs of the sheriff's sale | 403.37 |
| Interest on $8,326.94 from September 6 to September 29, 1934 | 31.91 |
| | $8,762.22 |
| The fair value of respondents' property sold on September 29, 1934, the date of sale | 5,750.00 |
| Amount of deficiency judgment | $3,012.22 |

## Order

And now, July 29, 1935, it is ordered that a deficiency judgment be entered against the defendants and in favor of the plaintiffs in the sum of $3,012.22.