Spiwak, Appellant, *v.* Allegheny County.

Argued October 10, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

reargument refused December 29, 1950.

*George S. Goldstein,* for appellant.

*John W. Mamula,* Assistant County Solicitor, with him *Nathaniel K. Beck,* County Solicitor and *Frank D. Young,* Assistant County Solicitor, for appellee.

OPINION BY MR. CHIEF JUSTICE DREW, November 21, 1950:

Plaintiff, Joseph Spiwak, has appealed from a judgment of the Court of Common Pleas of Allegheny County, refusing his motion for a new trial and sustaining a verdict for plaintiff in the sum of $6200.00 in an appeal from the Board of Viewers of that County.

By authority of a Public Utility Commission order, dated the 17th of September, 1947, the County of Allegheny instituted condemnation proceedings against certain properties in the Borough of Whitaker, Allegheny County, in preparation for the construction of a new bridge over the Monongahela river. Plaintiff's property, consisting of a lot 177.96 feet in length by 25 feet in width and a two-story frame building was included among those taken. However, only so much of the property as the greater part of the house occupied was condemned and the remainder of the lot to the average depth of about 142 feet was not touched. At the trial expert witnesses for defendant set the value of the property prior to the taking at $4,500.00 and between $3,300 to $3,500 subsequent to the taking. Plaintiff's attorney, on cross-examination attempted to have these witnesses break down the figures and place a market value on the building as distinct from the lot prior to the improvement and upon each separately as affected by the improvement. The learned trial court sustained defendant's objections to this line of questioning and plaintiff now seeks a new trial on the ground that such testimony was admissible on cross-examination.

Plaintiff has cited *McSorley v. Avalon Boro. School Dist.*, 291 Pa. 252, 139 A. 848, in support of his contention and has called our attention specifically to the language on page 255 where this Court said: "The cross-examination may, of course, cover a wider field [than the examination in chief]. 'In fact, any and every *pertinent* question may be put to him on cross-

examination which will enable the jury to place a fair estimate upon his testimony as to the damages sustained by the plaintiff': Davis v. Penna. R.R. Co., 215 Pa. 581, 585." By so speaking, argues plaintiff, this Court has laid down a rule of admissibility of evidence broad enough to allow plaintiff's questions to be asked of defendant's witnesses.

This conclusion is clearly erroneous. The language quoted by plaintiff merely recognizes the rule that the scope of questions on cross-examination, in a case of this nature, may be broader than those asked on the examination in chief for the purpose of impeaching the credibility of the witness[1]. While it is true that considerable latitude is permitted on cross-examination for such a purpose, nevertheless, it is not proper under the guise of cross-examination to develop as affirmative evidence of value facts that neither party could have shown in chief: *Schonhardt v. Penna. R.R. Co.*, 216 Pa. 224, 65 A. 543. We have repeatedly held that the proper method of determining the measure of damages sustained in condemnation proceedings is to obtain the difference in the market value of the tract as a whole before the taking and afterwards as affected by it and not by the addition of the separate values of each item constituting the entire property: *Kleppner*

------

[1] The following two sentences from *Davis v. Penna. R.R. Co.*, supra, express the full thought summarily set forth in the language quoted by plaintiff and taken from the first of these two sentences. "In fact, any and every pertinent question may be put to him on cross-examination which will enable the jury to place a fair estimate upon his testimony as to the damages sustained by the plaintiff by the construction of the road through the latter's premises. The learned judge in his rulings failed to observe the difference between the well-recognized measure of damages in such cases and the right of the defendant's counsel to cross-examine the plaintiff's witnesses so as to enable the jury to give due weight to their testimony."

*v. Pgh. B. & L. E. R. R. Co.*, 247 Pa. 605, 93 A. 765; *Hamory v. Penna., etc. R. R. Co.*, 222 Pa. 631, 72 A. 227; *McSorley v. Avalon Boro. School Dist.*, supra. If the questions which plaintiff sought to ask of the expert witnesses on cross-examination had been allowed by the trial court, the answers would have set forth that witness' valuation of each of the component parts of the condemned property prior and subsequent to the taking. Thus plaintiff would have submitted to the jury by means of the cross-examination a measure of damages which he could not have presented in his case in chief. The trial court, therefore, properly refused plaintiff's questions.

Plaintiff having failed to show that the court below erred in sustaining the objections to his questions, the motions for a new trial were properly dismissed.

Judgment affirmed.

---

Concurring Opinion by Mr. Justice Ladner:

While I concur in the result for the reason hereinafter set forth, I am compelled to dissent from the holding of the majority that under the facts of this case the question asked *in cross examination* was improper.

Here we have a case in which not merely the ground was taken but part of the building as well. Whether the remaining part of the building could be utilized or the whole building was a total loss was of course a relevant inquiry. As to that the defendant's expert testified he considered the building a total loss. In the circumstances I believe it was proper on cross examination to ask this expert if, in arriving at his estimate of value "before and after taking" he had made separate appraisements of the ground and building, and if so, what they were, in order to ascertain whether the amount placed on the building was adequate. It seems to me it

was proper for the jury to know this for the purpose of determining the weight to be given to his testimony and to enable it "to place a fair estimate upon his testimony as to the damages sustained": *Davis v. Pennsylvania R.R. Co.,* 215 Pa. 581, 585, 64 A. 774 (1906).

However, I agree with counsel for the appellee that what I conceive to be error was rendered harmless in view of the fact that the "breakdown" or separation of the values of ground and building was afterward brought out by counsel for the appellant as appears in the testimony. For this reason only, I concur in the result.

Justices HORACE STERN and CHIDSEY join in this concurring opinion.