## Construction of Vine Street Extension

*Hamilton C. Conner, Jr.*, for appellant.

*Joseph Skale*, for Commonwealth.

ALESSANDRONI, P. J., January 19, 1959.—This matter arises out of cross appeals from an award of the board of view fixing the value of property, hereinafter identified as Richter's, condemned by the Com-

monwealth for the purpose of extending Vine Street between Fifteenth Street and the Schuylkill River. The property owner, Richter, filed written interrogatories upon the Commonwealth in August 1958; on November 28, 1958, Richter filed a motion for sanctions for failure to answer the interrogatories. He also moved for a judgment of non pros against the Commonwealth under the provisions of Pa. R. C. P. 4019(c)(3).

The Commonwealth did not file objections to Richter's interrogatories until December 1958. The objections were not filed in season since rule 4005(b) requires that the objections be filed within 10 days. The Commonwealth apparently takes the position that its interest in protecting the "poor taxpayer" is sufficient justification for ignoring the procedural rules. However, the Commonwealth in this proceeding stands in a position no higher than any other litigant. Its zeal for the taxpayer would be better demonstrated by timely compliance with the procedural rules and thus preclude the possibility that the taxpayer might suffer serious injury from an unprotected record. But for the fact that no apparent prejudice has resulted and in view of the decision reached, Richter's motion for non pros would be granted.

We turn now to the interrogatories filed. Richter has requested that the Commonwealth supply the following information.

1. The amount paid for Highway Express property at Twenty-third and Vine Streets.

2. Names and addresses of all who furnished appraisals of property taken in the vicinity of Twenty-second, Twenty-third and Vine Streets.

3. Names and addresses of appraisers who appraised Richter's property and the value that each appraiser reported.

4. Description of any tract taken by the Commonwealth for the extension of Vine Street which it claims is comparable to Richter's land.

5. The sale price of any such tracts referred to in interrogatory no. 4, the date of the sale, the parties and the purchase price.

The Commonwealth objects to the interrogatories. The objections are under the provisions of Pa. R. C. P. 4011(c), privilege, and 4007(a), irrelevancy. As to interrogatory no. 4, there is an additional basis that it requires the expression of an opinion. The Commonwealth has failed to utilize the limitation of Pa. R. C. P. 4011(d); this limitation bars production, etc., of documents, reports, memoranda, etc., secured or made in anticipation of litigation or of disclosing the existence of such documents.

The standard applied in Klein v. Commonwealth, 9 D. & C. 2d 792, on this issue has apparently persuaded the Commonwealth that the limitation is inapplicable. However, careful consideration leads to the conclusion that an erroneous standard was applied and therefore we are compelled to disagree with the decision. We raise the issue in an effort to clarify the law applicable thereunto.

That case involved a condemnation proceeding. When the Commonwealth objected to interrogatories propounded by plaintiff on the ground that the information requested was within the prohibition of 4011(d), the court ruled against the Commonwealth. The standard applied by the court was: " . . . whether it is information found in the regular course of business, or whether it was gathered in preparation for the pleadings or trial". The court then concluded that it was information found in the regular course of business and therefore the Commonwealth was required to answer the interrogatories.

We apprehend that the decision unduly restricts the scope of this limitation to the situation where litigation is either threatened or has in fact been instituted. However, the rule contains "anticipate". This could be and has been construed to comprehend the situation which arises before litigation is even threatened. The limitation of Pa. R. C. P. 4011(d) recognizes the practice of investigating a cause of action even before any litigation is threatened or commenced: 4 Goodrich-Amram Civ. Pract. §212, comment on rule 4011(d)-4. Condemnation proceedings as to the Commonwealth appear analogous to personal injury claims as to a common carrier. In the latter case, every possible cause of action is investigated and memoranda prepared because experience has demonstrated that a percentage of them will result in litigation.

It appears that the more realistic view is that all of the information prepared by the Commonwealth in condemnation cases falls within the scope of anticipation of litigation. To construe the limitation of 4011(d) to those cases where litigation has actually materialized or is threatened would violate the plain language of the rule. Experience has demonstrated that approximately 30 percent of condemnation cases result in litigation in Philadelphia: Address by Austin Norris, Esq., Secretary of Board of Revision of Taxes, Philadelphia County, to Society of Residential Appraisers, October 24, 1958.

We therefore conclude that the information sought by interrogatories 2 and 3 is barred by the limitation of 4011(d).

The information requested by interrogatories 1, 4 and 5 is irrelevant and therefore barred by the provisions of 4007(a). No authority has been offered to sustain the proposition that information which may

be available for impeachment purposes must be furnished in discovery proceedings. McSorley v. Avalon Borough School District, 291 Pa. 252, recognizes that some of the information sought by the interrogatories may be used to impeach or otherwise test the opinion of expert witnesses. However, it is recognized that this impeaching information is not substantive evidence and appears to be inadmissible as such.

If the evidence is not substantive, then it has no relevance if its sole purpose is to impeach or otherwise test credibility. Standing alone the information has no probative value. The opinion of the experts can adequately be tested on cross-examination.

### Order

And now, to wit, January 19, 1959, the Commonwealth's objections to the interrogatories are sustained; Richter's motion for sanctions and non pros under Pa. R. C. P. 4019 is dismissed; Richter's motion to strike off the objections to interrogatories is dismissed.