**KINTER et al. v. UNITED STATES.**

**UNITED STATES v. 875 ACRES OF LAND, MORE OR LESS, DESIGNATED ADDITION TO SEGMENT "B" LETTERKENNY ORDNANCE DEPOT, FRANKLIN COUNTY, PA., et al.**

No. 8997.

Circuit Court of Appeals, Third Circuit.
Argued Feb. 4, 1946.
Decided June 7, 1946.

6

John C. Harrington and J. Edward Williams, Acting Head, Lands Division, both of Washington, D. C., Frederick V. Follmer, U. S. Atty., of Scranton, Pa., M. F. McDonald, Jr., Sp. Asst. to U. S. Atty., of Wilkes-Barre, Pa., and Roger P. Marquis, Attys., Department of Justice, of Washington, D. C., for appellant.

Edwin D. Strite, of Chambersburg, Pa., for appellee.

Before MARIS, McLAUGHLIN and O'CONNELL, Circuit Judges.

O'CONNELL, Circuit Judge.

This appeal arises out of a condemnation in fee by the United States of 875 acres in Franklin County, Pennsylvania, for use in connection with the Letterkenny Ordnance Depot.[1]

Dr. John H. Kinter and his wife owned 114 acres and 92.6 perches included in the area condemned. A jury trial followed a government appeal from an appraisement of $26,200 by viewers. The jury assessed the damages to the Kinters at $34,535. The government's motion for a new trial was denied in an opinion by Judge Johnson, the trial judge. D.C.M.D.Pa., 1945, 58 F. Supp. 956. This appeal resulted.

The government seeks a new trial, asserting errors in admission and exclusion of testimony, on the issue of fair market value. The matter in controversy being the right of compensation of a landowner under the Fifth Amendment, the answers to the questions involved do not depend upon local law. United States v. Miller, 1943, 317 U.S. 369, 63 S.Ct. 276, 87 L. Ed. 336, 147 A.L.R. 55; United States v. Certain Parcels of Land, 3 Cir., 1944, 144 F.2d 626, 155 A.L.R. 253; United States v. Certain Parcels of Land, 3 Cir., 1944, 145 F.2d 374, 159 A.L.R. 1. It is argued

---

[1] The proceeding was instituted under the authority of the General Condemnation Act of August 1, 1888, 25 Stat. 357, 40 U.S.C.A. § 257; the War Purposes Act of August 18, 1890, 26 Stat. 316, as amended by the Acts of July 2, 1917, 40 Stat. 241, and April 11, 1918, 40 Stat. 518, 50 U.S.C.A. § 171; and the Appropriation Act of August 25, 1941, 55 Stat. 669.

that the court below erred in allowing Dr. Kinter to state on direct examination the cost of repairs and improvements he had made on the property since its purchase. Over objection by government counsel, the trial judge admitted such testimony, limiting it to the "reasonable cost" of construction. And, in his charge, the trial judge cautioned the jury that the cost of repairs and improvements was to be considered only as a factor along with all the other evidence "in determining fair market value of the property at the time of the taking."

■ As stated by Mr. Justice Reed in United States v. Petty Motor Co., 327 U.S. 372, 66 S.Ct. 596, 599, "The Constitution and the statutes do not define the meaning of just compensation. But it has come to be recognized that just compensation is the value of the interest taken. This is not the value to the owner for his particular purposes or to the condemnor for some special use but a so-called 'market value.' It is recognized that an owner often receives less than the value of the property to him but experience has shown that the rule is reasonably satisfactory."

■ It has been said that "sales at arms length of similar property are the best evidence of market value." Welch v. Tennessee Valley Authority, 6 Cir., 1939, 108 F.2d 95, 101, certiorari denied 1939, 309 U.S. 688, 60 S.Ct. 889, 84 L.Ed. 1030. Even where there have been no sales of similar property in the vicinity upon which a basis of valuation might be predicated, the quest is still for "market value." This may be more or less than the owner's investment in his property. The government may neither confiscate his bargain nor be required to assume his loss. But, it is the "value of the interest" that is guaranteed; not the investment.

■ The owner may, because of his personal knowledge of the property, the uses to which it may be put, the condition of the improvements erected thereon, testify as to its market value. May he also, in the first instance, state as a lump sum the total of all costs incurred by him over a period of years for repairs and improvements as bearing upon the question of fair market value? We think not. Admittedly, cost is not synonymous with market value. A fortiori, cost of land and cost of improvements taken separately and added are not to be equalized with fair market value: cf. United States v. Certain Parcels of Land, 5 Cir., 1945, 149 F.2d 81; McSorley v. Avalon Borough School District, 1927, 291 Pa. 252, 255, 139 A. 848. Moreover, Dr. Kinter's summation included cost of repairs and operations, among which were such items as "taxes and fees", "papering bill on the house", "cost of horse collar" and numerous other expenditures unidentified other than by naming the supplier or contractor and stating the amount paid. Clearly, such testimony has no probative force as to market value. Like costs of removal and relocation, "such costs are apart from the value of the thing taken. They are personal to the lessee [owner]." United States v. Petty Motor Co., supra.

■ We conclude the admission of such evidence and its submission to the jury was reversible error.

■ In view of this conclusion, we need not labor the government's second assignment of error. This had to do with the exclusion by the trial court of testimony as to prices paid in comparable sales. We pause merely to point out that a government witness testified on direct examination that the fair market value of the Kinter farm was $18,000, relying on recent sales of comparable properties. On cross examination, he testified that one of these farms sold for $13,000. On redirect examination, he was not permitted to testify as to the prices obtained in the other comparable sales. Perhaps the trial judge should have permitted such redirect examination since the appellee had at least opened the door to the entry of specific sale prices into the evidence.[2] But we see no prejudice to the government as this trial developed. That which was brought out on cross examination by the appellee favored the government. Restriction of redirect examination put before the jury only one sale, and that at a price $5,000 below

---

[2] See Stone v. D. L. & W. R. Co., 1917, 257 Pa. 456, 101 A. 813; McSorley v. Avalon Borough School District, supra.

the figure given by the same witness as the market value. Thus, no harm accrued to the government.

However, because of the fundamental error already adverted to, a new trial must be had.

Reversed and remanded.