**Charles J. BIDDLE and Katharine L. Biddle**

v.

**UNITED STATES of America.**

**Civ. A. No. 25515.**

United States District Court
E. D. Pennsylvania.

Aug. 5, 1959.

Calvin H. Rankin, Drinker, Biddle & Reath, Philadelphia, Pa., for plaintiffs.

Harold K. Wood, U. S. Atty., James P. Dornberger, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

EGAN, District Judge.

The plaintiffs have brought this action to recover for overpayment of income taxes for 1954. The Commissioner of Internal Revenue, in computing the tax liability, had refused to allow as a deduction damages suffered by plaintiff's property "Andalusia" caused by Hurricane "Hazel" on October 15, 1954. Many of the facts are set forth in a stipulation and are admitted or uncontradicted and need not be related, since the only issue involved herein is to determine what loss, if any, the plaintiff's property sustained.

Section 165 of the Internal Revenue Code of 1954 provides as follows:

"(a) General rule.—There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. * * *

"(c) Limitation on losses of individuals.—In the case of an individual, the deduction under subsection (a) shall be limited to— * * *

"(3) Losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. No loss described in this paragraph shall be allowed if, at the time of the filing of the return, such loss has been claimed for estate tax purposes in the estate tax return." 26 U.S.C.A. § 165.

■ The general rule for measuring casualty loss sustained by property is the difference between the fair market value of the property immediately before and after the casualty. Helvering v. Owens, 305 U.S. 468, 59 S.Ct. 260, 83 L.Ed. 292.

■ The plaintiff testified as to the damage to his property caused by Hurricane "Hazel" and stated that in his opinion, the property was worth $250,000 before and had sustained a loss of 10% or $25,000, so that the after value would be $225,000. An owner of property is qualified and competent to give his opinion as to the value of property. However, the weight to be given to such testimony will be affected, of course, by his knowledge, experience and the many other factors involved in weighing such an opinion.

Plaintiff, a lawyer, also testified as to his knowledge and experience in real estate transactions in and about "Andalusia."

An independent and well qualified real estate appraiser, with years of experience, was called as an expert by the plaintiff and stated that the property had sustained a 10% loss and that the before and after value was $225,000 and $202,500, respectively. This appraiser had seen the property two years before the storm and rendered his appraisal after seeing the property more than four years after the storm.

The expert witness for the Government was a member of its permanent staff who stated that the property had sustained no loss at all. He was not prepared to give any before and after value and his appraisal experience was confined to work done in Government service. He was not a member of any real estate appraisal group or board and he visited the property nearly two years after the storm and had not seen it before the storm.

■ Therefore, in evaluating the testimony given by all the witnesses, we find that the property sustained a loss of $25,000. Although we realize that the plaintiff has an interest in the outcome of the case, he was the only person who testified as to the extent of damage and the values of the property, who, in point of time, could give the most qualified opinion. His 10% loss evaluation is the same as that of his appraiser who was at least as well qualified as the Government's witness, considering also that both visited the property well after the storm.

The Government's reliance on the case of Peterson v. Commissioner of Internal Revenue, 30 T.C. 660 is not well placed here since the testimony of loss in the Peterson case by the appraisers was based partly on a lack of market, a factor which is not present here. The extent of damage and the amount expended or estimated is certainly great enough to indicate that this was a loss rather than a mere fluctuation in value.

The plaintiffs sustained a casualty loss of $25,000, of which only $221.52 was covered by insurance and they are entitled to a deductible loss of $24,778.48.

The above constitutes the Court's findings of fact and conclusions of law. Rule 52, 28 U.S.C.A.

Counsel may submit an appropriate form of Order.