HENRY JENNY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jenny v. Commissioner
Docket No. 7703-75.
United States Tax Court
T.C. Memo 1977-142; 1977 Tax Ct. Memo LEXIS 296; 36 T.C.M. (CCH) 607; T.C.M. (RIA) 770142; May 12, 1977, Filed Michael Antin, for the petitioner. Marion Westen, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in petitioner's Federal income tax in the amount of $4,208 for the taxable year 1972. The sole issue remaining for our determination is the amount of unreimbursed theft loss which petitioner is entitled to deduct under section 165. [1]
*297 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner, Henry Jenny (Jenny), resided in Palm Springs, California at the time the petition was filed in this case.Petitioner filed a Federal income tax return for the taxable year 1972 with the Office of the Internal Revenue Service at Ogden, Utah. On December 1, 1972, Jenny returned from a short trip to Los Angeles to find that, in his absence, someone had robbed his home of several valuable items. Jenny alerted the police who filed a report describing the robbery and listing 16 items which were stolen. Fifteen of these items were valued at $7,295 with the value of a sixteenth item, "miscellaneous clothing," listed as unknown. Jenny's property was insured against theft with the State Farm Fire and Casualty Company (State Farm). A proof of loss claim dated December 27, 1972 valued the stolen items at $10,015, and an itemized list of stolen property, submitted to State Farm on Jenny's stationary lists four items in addition to all the items previously given on the police report. State Farm paid Jenny the maximum amount under the policy, $4,200 in early 1973. On Schedule A of his *298 1972 Federal income tax return, Jenny claimed a $7,295 casualty loss but did not indicate whether or not he had received any insurance reimbursement. OPINION Respondent concedes that petitioner sustained a loss during 1972 due to theft. Petitioner concedes that he received $4,200 from State Farm reimbursing him for at least part of that loss. What the parties dispute is the value and basis of the stolen property for purposes of determining the theft loss under section 165. Section 165(c)(3) permits individuals to deduct losses caused by the theft of nonbusiness property only to the extent that the loss from each theft exceeds $100 and is not reimbursed by insurance or otherwise. The proper measure of the loss sustained is the lesser of (1) the fair market value of the property immediately before the theft or (2) the adjusted basis of the property. Sections 1.165-7 and 1.165-8, Income Tax Regs.Ternovsky v. Commissioner, 66 T.C. 695, 697-98 (1976). The basis of Jenny's property for this purpose is the cost of such property. Section 1012. We have been presented with three sets of figures concerning the value of the stolen property. Jenny gave the police *299 department a tentative property list on the day he discovered the theft. A little while later he gave the insurance company a list containing some changes from the list given the police and adding items which he subsequently discovered stolen. Jenny also testified in court as to the cost and value of the stolen property including property which he discovered stolen only after the insurance company list had been presented. Listed below are the three sets of figures: In Court Testimony
Police
Insurance
Year
Report
List Item
Purchased
Cost
F.M. Value
Values
Values
2 speakers
1969
$ 350
$ 350
$ 190
$ 190
3 statues
1972
1800
6000
1500
1500
2 1/4 X 2 1/4
camera
1966
525
525+
525
525
16mm motion pic-
ture camera
1970
2000
2000
2000
2000
tuner & amplifier
1968
900
900
900
900
tape recorder
1969
850
850
700
850
casette recorder
1969
369
369
450
450
record player
1969
430
430
450
450
suede coat
1968
150
150
150
suede suit
1971
350
350
350
350
bag
1970
10
10
10
25
U.S. passport
1967
35-50
35
35
Swiss passport
35-50
35
35
Misc.
500-1000
500
leather coat
200
bedcover
75
jewelry
1971
1500
2500
1500
silk robe
100
8mm camera
180
1 3/4 X 1 3/4
camera
1969
150
150+
150
camera acces-
sories
850
850
"Elmo" projector
1967
180
165
slide projector
1967
125
100
Kodak projector
1972
125
125
pictures
750
750
other (est.)
3500
*300 Despite his lack of supporting documentation we find the evidence as to the cost of the stolen property to be generally credible and sufficient. However, we have strong reservations as to his estimates of fair market value. While the owner of property is competent to testify as to its value, the weight to be given his testimony will depend upon his knowledge, experience, method of evaluation, and other relevant considerations. Biddle v. United States, 175 F. Supp. 203, 204 (E.D. Pa. 1959); Harmon v. Commissioner, 13 T.C. 373 (1949). With but two exceptions, Jenny's estimates of present value equalled or exceeded the original cost of the property. While the statues and jewelry may indeed have appreciated in value because of the nature of the items and the unique circumstances under which they were purchased, we find his conclusion as to the other items unacceptable. In particular, items such as the suede coat and the tuner and amplifier, all purchased in 1968, must have depreciated in value by December 1972 when they were stolen. It appears that Jenny's estimates are high because he based them on the replacement cost of new rather than used items. *301 This is not an appropriate standard. After having carefully reviewed and considered all the testimony and evidence, we conclude that petitioner's loss amounted to $8,200.We feel that this figure fairly reflects the value of the stolen property. From this amount must be deducted the $4,200 insurance reimbursement received by petitioner and the $100 required by section 165(c)(3). Accordingly, petitioner is entitled to a deduction of $3,900. Decision will be entered Under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩