MERTON T. AND BARBARA A. BURLEW, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burlew v. Commissioner
Docket No. 1819-76.
United States Tax Court
T.C. Memo 1979-368; 1979 Tax Ct. Memo LEXIS 168; 39 T.C.M. (CCH) 99; T.C.M. (RIA) 79368; September 10, 1979, Filed Robert M. Tyle, for the petitioners. William J. Neild, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code *169 [1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined a deficiency of $726.87 in petitioners' 1972 federal income tax. Petitioners having conceded the other adjustments made by respondent in his notice of deficiency, the sole issue remaining for decision is whether petitioners are entitled to a casualty loss deduction under section 165(a) in excess of the amount allowed by respondent. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. Petitioners filed their joint 1972 federal income tax return with the Internal Revenue Service Center at Andover, Massachusetts. At the time the petition herein was filed, they resided *170 in Lowman, New York. Petitioners purchased land in Lowman, New York, in 1961. They lived in a house trailer on the property and built a detached one and a half car garage and patio there in 1963 or 1964. Early in April of 1972, they started to build a house on the land. They had completed the foundation and erected the frame, subflooring, roof, studding, and insulation when, in June, 1972, hurricane Agnes struck the area and caused flooding to a depth of three feet in the basement of the house under construction. The cellar floor and one basement wall were cracked as a result of the flood. Dirt was deposited in the basement and the water pump was damaged. The garage was twisted on its foundation. After the flood, petitioners drained ad cleaned up the cellar, had the water pump repaired, and made less than totally successful attempts to patch the cracks. They tore down the detached garage (as they had previously planned to do), which was replaced by a grage under the house. The property had a basis in petitioners' hands of $6,215 at the time of the flood. On their joint 1972 federal income tax return, petitioners claimed a casualty loss deduction under section 165(a) *171 in the amount of $3,900 on the grounds that the property's a casualty within the purview of section 165(c)(3), and respondent agrees that petitioners suffered some such damage. The questions to be resolved, then, are: (a) the amount of the actual decrease in value of the property and (b) the adjusted basis of the property in petitioners' hands. The burden of proving these amounts rests with petitioners. Pfalzgraf v. Commissioner,67 T.C. 784, 787 (1977); Axelrod v. Commissioner,56 T.C. 248, 256 (1971). To establish the amount of the casualty loss, the fair market value of the property immediately before and immediately after the casualty "shall generally be ascertained by competent appraisal." Sec. 1.165-7(a)(2)(i), Income Tax Regs. Petitioners here obtained no such appraisal. The only evidence of the property's pre-casualty and post-casualty values was offered through the testimony of petitioner Merton T. Burlew. He testified that he thought the house had a fair market value of $18,000 immediately prior to the flood. His reasons for selecting this figure, however, are obscure. He stated that he was trying to borrow money from a bank to complete *172 the house, that the bank appraised it for $24,000 and, thus, would allow him to borrow $16,000; two-thirds of its value. "So," Merton testified, "I figured $18,000 would be a fair price." This becomes more confusing in light of Merton's testimony that the tax assessors appraised the house for $24,000 after it was finished. His reason for estimating the fair market value of the house as $14,000 immediately following the flood was that he calculated it would have cost him $4,000 to "tear the foundation out, tear the whole house down, and start over." Of course, the opinion of landowners as to the value of their property is admissible in evidence without further qualification because of the owners' special relationship to their property. District of Columbia Redevelopment Land Agency v. 13 Parcels of Land,534 F.2d 337, 339-340 (D.C. Cir. 1976); United States v. Sowards,370 F.2d 87, 92 (10th Cir. 1966); Kinter v. United States,156 F.2d 5 (3d Cir. 1946); Harmon v. Commissioner,13 T.C. 373 (1949); see also Fed. R. Evid. 701; 2 Jones, Evidence, sec. 14:6, p. 599 (6th ed. 1972); *173 3 Wigmore, Evidence, sec. 714, p. 50 1975 rev.). But, we are not bound to accept that testimony at face value, even though it is uncontradicted, if it appears to be improbable, unreasonable, or offered solely to serve the self-interests of the taxpayer. Fixel v. Commissioner,T.C. Memo. 1974-197, affd. without opinion 511 F.2d 1400 (5th Cir. 1975); see United States v. 3,698.63 Acres of Land, Etc.,416 F.2d 65 (8th Cir. 1969). While the owners of property are competent to testify as to its value, the weight to be given their testimony will depend upon their knowledge, experience, method of valuation, and other relevant considerations. Biddle v. United States,175 F. Supp. 203, 204 (E.D. Pa. 1959); Jenny v. Commissioner,T.C. Memo. 1977-142. We give no weight to Merton's appraisals. We are unable to determine on what basis the bank with which he was dealing appraised the house for $24,000 before the flood; if, indeed, it did. We are also unable to discern from his testimony why Merton modified that appraisal, if, as he claims, he was adopting it. All in all, he has shown absolutely no reasonable *174 basis for his pre-casualty appraisal. His post-casualty appraisal is also totally unsupported. The cost of repairs actually made to the damaged property may be used as evidence of the loss of value under certain circumstances. See sec. 1.165-7(a)(2)(ii), Income Tax Regs. However, the cost of repairs method of valuing a casualty loss applies only to repairs and expenditures actually made. Lamphere v. Commissioner,70 T.C. 391 (1978); Farber v. Commissioner,57 T.C. 714, 719 (1972). Merton's reduction of the property's fair market value by the estimated cost to raze and rebuild the property is wholly unreasonable and unacceptable. On the whole, we believe that respondent's allowance of a loss in the amount of $1,000, resulting in a deduction of $900, is realistic. In any event, petitioners have not adduced evidence on the basis of which we can say that they are entitled to a reduction in any greater amount. Petitioners having failed to carry their burden of proof, see Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure, we sustain respondent's determination. * * *
In accordance *175 with the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.